United States District Court
Southern District of Texas
**ENTERED**
May 07, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| J.D.,[1] | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00146 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

"The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Id.* Because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *id.*, federal courts are authorized to dismiss a claim filed *in forma pauperis* "at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

"To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources,

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any nongovernment party in Social Security opinions. This court has taken that guidance a step further in the interest of claimant's privacy and will use only initials in public opinions.

including whether the expenses are discretionary or mandatory." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "Whether the litigant is unable to pay the costs associated with initiating a lawsuit . . . depends in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Jones v. Torres*, No. 3:24-cv-3099, 2025 WL 374937, at *1 (N.D. Tex. Jan. 10, 2025) (cleaned up). "A financial affidavit that is either incomplete or internally inconsistent is insufficient to find that a movant qualifies for leave to proceed IFP." *Id.* at *2 (cleaned up).

"Spousal income and spousal expenses are appropriate considerations in determining in forma pauperis status." *Johnson v. James*, No. CV 3:18-3508, 2019 WL 343723, at *1 (D.S.C. Jan. 8, 2019) (collecting cases). Here, J.D. claims to have no income, yet she has $400.17 on hand, owns a home and a car, and can cover approximately $700 in monthly expenses through her husband's income. *See* Dkt. 2 at 2. Based on the record before me, it does not appear that J.D. would have to choose between life's necessities and abandoning a potentially meritorious claim. *See id.* Accordingly, J.D.'s application for IFP status (Dkt. 2) is **DENIED**. If J.D. believes that, considering her spouse's monthly income compared to the total family expenses, she would qualify for IFP status, then J.D. may resubmit an amended application that fully discloses her financial situation, which includes her husband's income. Otherwise, J.D. must pay the filing fee to proceed with her appeal of the Commissioner's decision.

SIGNED this __7th__ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

2